NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3166-16T1

LOUIS NARVAEZ,

 Plaintiff-Respondent,

v.

STATE OF NEW JERSEY JUDICIARY,
VICINAGE 4,

 Defendant-Appellant.
_________________________________

 Argued November 6, 2017 – Decided November 22, 2017

 Before Judges Sabatino, Ostrer and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Mercer County, Docket No. L-
 1717-15.

 Christie Pazdzierski, Deputy Attorney
 General, argued the cause for appellant
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant Attorney
 General, of counsel; Ms. Pazdzierski, Deputy
 Attorney General, on the briefs).

 Richard E. Yaskin argued the cause for
 respondent.

 Andrew Dwyer argued the cause for amicus
 curiae National Employment Lawyers
 Association of New Jersey (Dwyer & Barrett,
 LLC, attorneys; Mr. Dwyer, of counsel and on
 the brief).

PER CURIAM

 By leave granted, defendant in this employment case appeals

from the trial court's January 20, 2017 order compelling defendant

to supply certain requested discovery to plaintiff. We affirm

that order, with modifications.

 Plaintiff Louis Narvaez was the chief probation officer of

the Judiciary in the Camden vicinage. In February 2015, defendant

terminated plaintiff citing various reasons of dissatisfaction

with his work performance. Plaintiff then brought the present

lawsuit alleging that he had been wrongfully discharged in

violation of the Conscientious Employee Protection Act ("CEPA"),

N.J.S.A. 34:19-1 to -8, and the Law Against Discrimination ("LAD"),

N.J.S.A. 10:5-1 to -49. With respect to his CEPA claim, plaintiff

contends that defendant retaliated against him after he objected

to activities and decisions he maintains were contrary to law and

public policy. With respect to his LAD claim, plaintiff contends

that defendant discriminated against him because of his Hispanic

origin. Defendant denies those contentions and maintains that

plaintiff was terminated for legitimate reasons, including the

comparatively poor statewide ranking of the vicinage's probation

department under plaintiff's supervisory tenure.

 2 A-3166-16T1
 During the course of discovery, plaintiff sought documents

and information defendant regarded as confidential, including

performance-related documents concerning other managers in the

vicinage and internal performance improvement plans for the

probation department. The parties entered into a confidentiality

agreement in the form of a Consent Protective Order ("CPO"), which

we were advised was proposed and drafted by defendant. In that

CPO, the parties agreed that non-public information exchanged in

discovery about employment, personnel, internal grievances, State

operations, and medical records disclosed in discovery would be

kept confidential, and only used for the purpose of this

litigation, subject to advance notice of any public disclosure at

a trial or hearing.1

 Plaintiff's counsel served various requests for documents in

discovery, some of which defendant opposed or wanted limited

through a protective order. The three categories that were in

dispute are: (1) Document Requests 10 and 12, which are no longer

at issue in this appeal; (2) Document Requests 4 and 6, concerning

the probation department's performance plan and assessments of

departmental statistics under plaintiff's successor and how those

1
 During oral argument on the appeal, counsel for the parties
agreed that the notice provision should be expanded to include
motion practice, particularly with the advent of electronic filing
in the Civil Part.

 3 A-3166-16T1
results compare with those of plaintiff; and (3) Document Requests

16, 17, 20, and 21, seeking to obtain the personnel records and

other documents relating to other department heads in the vicinage.

Defendant argued that these requests improperly sought disclosure

of confidential materials. Plaintiff countered that he is entitled

to such discovery.

 After hearing oral argument concerning these disputed

discovery demands, the trial court granted the plaintiff's request

without conducting an in camera review of the actual documents.

The court concluded that plaintiff's requests were reasonably

calculated to lead to potentially relevant and admissible

discovery. The court noted that the parties had entered into a

confidentiality order, so that records produced would be subject

to that order. In addition, the court instructed that the

identities of individual probationers should also be protected.

 On appeal, defendant urges that the trial court should have

performed an in camera review before ordering the turnover of any

of the requested documents. Defendant stresses that the personnel

records of other employees traditionally have been accorded strong

confidentiality protection.2 Plaintiff has not cross-appealed any

aspects of the trial court's rulings.

2
 Defendant has not appealed the trial court's disposition of
issues concerning the deliberative process privilege.

 4 A-3166-16T1
 Plaintiff responds that he is entitled to these materials as

of right under Dixon v. Rutgers, 110 N.J. 432 (1988), and that no

in camera review is required. His position is supported by amicus

curiae.

 Having considered these competing arguments, we affirm the

trial court's order, but with modification. We agree with the

trial court's preliminary assessment that plaintiff's discovery

requests have been fashioned to lead to potentially relevant and

admissible evidence in this wrongful discharge case. The

presumptive right of access to civil discovery in our State is

broad, as was recently reaffirmed by the Supreme Court in Capital

Health System, Inc. v. Horizon Healthcare Services, Inc., 230 N.J.

73, 81 (2017). On the other hand, we acknowledge that the

personnel records of other employees are entitled to a degree of,

if not absolute, confidentiality. N. Jersey Media Grp., Inc. v.

Bergen County Prosecutor's Office, 405 N.J. Super. 386, 390 (App.

Div. 2009).

 We do not read Dixon, supra, 110 N.J. at 435, a case in which

the plaintiff assistant professor at a State college was denied

promotion and tenure, as mandating the automatic disclosure of all

otherwise-confidential records of a plaintiff's peers without in

camera judicial review. Nor, on the other hand, do we read Dixon

to signify that initial in camera review of such materials is

 5 A-3166-16T1
always required before a defendant presents any such redacted

items to plaintiff's counsel. Rather than endorsing either of

these extreme positions, we instead recognize that disputes over

disclosure must be analyzed on a case-by-case basis, with the

court balancing the competing interests at stake. See Dixon,

supra, 110 N.J. at 456-57 (recognizing the contextual aspects of

the redaction process and a court's in camera review); see also

Loigman v. Kimmelman, 102 N.J. 98, 108-13 (1986).

 That said, we conclude that the trial court did not abuse its

wide discretion over discovery matters by issuing the January 20,

2017 order without first engaging in immediate in camera review.

The court reasonably found that the confidentiality order already

in place3 affords a sufficient degree of protection from

indiscriminate public disclosure. Moreover, the document requests

do appear to be reasonably calculated to yield relevant proof

relating to "comparatives," subject to offsetting confidentiality

concerns.

 That said, we further conclude that the trial court's order

should be modified to make clear that defendant, consistent with

the procedure agreed upon in the CPO, may make what it believes

3
 We reject, as did the trial court, defendant's position that the
CPO is designed to cover only plaintiff's personnel records and
not also the personnel and other records relating to other
employees.

 6 A-3166-16T1
are appropriate redactions to the documents, and then turn over

the redacted versions to plaintiff's counsel. The redactions may

include the use of initials, as well as the reasonable removal of

personal identifying information for other affected employees.

See, e.g., L.R. v. Camden City Pub. Sch. Dist., ___ N.J. Super.

___, ___ (App. Div. 2017) (slip op. at 48) (explaining how the

mere use of initials at times is insufficient to protect

confidential information concerning individuals). If, on receipt

and review of the redacted items, plaintiff objects, then the

dispute shall be resolved by the trial court through in camera

review to address the breadth and propriety of defendant's

redactions. The trial court may also consider other measures,

such as release of information to opposing counsel for counsel's

"eyes only." Following that review, the court may modify the

proposed redactions and order, if appropriate, the turnover of

additional portions of the contested materials on such terms as

may be just and appropriate consistent with Rule 4:10-2.

 Affirmed, as modified. We do not retain jurisdiction.

 7 A-3166-16T1